## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of<br><br>FourWorld Event Opportunities LP,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 1:25-cv-01457-MN |

## KARO INTRESSENTER AB'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A STAY OF THE PROCEEDING OR TO VACATE ORDER GRANTING SECTION 1782 *EX PARTE* APPLICATION

OF COUNSEL:

Jaime A. Bianchi (*pro hac vice*)
Ryan A. Ulloa (*pro hac vice*)
Shravya Govindgari (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
(305) 995-5243
jbianchi@whitecase.com
ryan.ulloa@whitecase.com
shravya.govindgari@whitecase.com

Dated: May 22, 2026

Jason J. Rawnsley (#5379)
Andrew L. Rosen (#7651)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
rawnsley@rlf.com
rosen@rlf.com

*Attorneys for Movant Karo Intressenter AB*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...............................................................................................1

**ARGUMENT**...........................................................................................................................3

I.     *INTEL* FACTOR ONE: DISCOVERY IS OBTAINABLE IN THE SWEDISH PROCEEDING ................................................................................................................3

II.    *INTEL* FACTOR TWO: THE RECORD SHOWS A SPECIFIC LACK OF RECEPTIVITY TO THIS DISCOVERY.......................................................................6

III.   *INTEL* FACTOR THREE: FOURWORLD SEEKS TO CIRCUMVENT SWEDISH PROOF-GATHERING RESTRICTIONS....................................................................9

**CONCLUSION** .......................................................................................................................10

ii

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Actian Corp.*,
    No. 25-246-GBW, 2025 WL 2338068 (D. Del. Aug. 13, 2025) ...................................... 10

*In re Alpine Partners (BVI) L.P.*,
    No. 24-337 (KSH) (JSA), 2024 WL 4336824 (D.N.J. Sept. 27, 2024) ............................. 4

*In re Chevron Corp.*,
    633 F.3d 153 (3d Cir. 2011)................................................................................................ 6

*In re Gilead Pharmasset LLC*,
    No. 14-mc-243 (GMS), 2015 WL 1903957 (D. Del. Apr. 14, 2015) ............................ 6, 9

*In re Liverpool Ltd. P'ship*,
    No. 21-MC-86-CFC, 2021 WL 3793901 (D. Del. Aug. 26, 2021) ................................... 3

*In re Nokia Techs. Oy*,
    No. 23-01395-GBW, 2024 WL 1675025 (D. Del. Apr. 18, 2024) .................................. 10

*In re O'Keeffe*,
    646 F. App'x 263 (3d Cir. 2016) ...................................................................................... 3

*In re Polygon Glob. Partners LLP*,
    No. 21 Misc. 364 (ER), 2021 WL 2117397 (S.D.N.Y. May 25, 2021)............................. 4

*In re Republic of Kazakhstan*,
    110 F. Supp. 3d 512 (S.D.N.Y. 2015)............................................................................... 6

*In re Request from Vienna*,
    No. 23-MC-258-CFC, 2023 WL 6278815 (D. Del. Sept. 26, 2023) ................................ 4

*In re Vestolit GmbH*,
    No. 24-cv-1401-CFC, 2025 WL 3268436 (D. Del. Nov. 24, 2025).......................... 5, 6, 9

*In re Zetwerk India Mfg. Bus. Priv. Ltd.*,
    No. 25-567-JLH-SRF, 2025 WL 2338190 (D. Del. Aug. 13, 2025) ................................ 4

*In re Zetwerk India Mfg. Bus. Priv. Ltd.*,
    No. 25-567-JLH-SRF, 2026 WL 608329 (D. Del. Mar. 4, 2026) .................................... 4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)........................................................................................................... 1

iii

iv

*SPS Corp. I, Fundo de Investimento em Direitos Creditorios Nao Padronizados v.*
*Gen. Motors Co.*,
    110 F.4th 586 (3d Cir. 2024) ........................................................................... 3, 6, 9

**STATUTES**

28 U.S.C. § 1782(a) ................................................................................................... 4

RLF1 35988178v.1

Karo Intressenter AB respectfully submits this Reply in further support of its Motion for a Stay of the Proceeding or to Vacate Order Granting Section 1782 *Ex Parte* Application ("Motion") (D.I. 33) and in reply to FourWorld Event Opportunities LP's ("FourWorld's") opposition to the Motion ("Opposition") (D.I. 38).[1]

## PRELIMINARY STATEMENT

FourWorld correctly recognizes that Karo's request for a stay here is moot because the stay of the Swedish Court action has been lifted. But FourWorld fails to explain why—in the face of a stayed foreign proceeding—it raced to this Court to seek discovery it had unsuccessfully sought before the Swedish Tribunal and had not yet sought before the Swedish Court. Although the stay issue is moot, FourWorld's objective in this proceeding is very much alive. It seeks to obtain discovery that it could but would be unlikely to obtain in the Swedish Proceeding.

FourWorld's opposition treats the *Intel* factors as binary and reflexive checkpoints for mandatory discovery rather than the nuanced, discretionary analysis the Supreme Court intended. Section 1782 "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Indeed, the statute "leaves the issuance of an appropriate order to the discretion of the court which, in proper cases, may refuse to issue an order or may impose conditions it deems desirable." *Id.* at 260–61. Here, each of the *Intel* factors weighs against the discovery sought.

First, the correct legal test under controlling Third Circuit authority (*SPS Corp.*) is not whether the respondent (KKR) is a party to the foreign proceeding, but whether the requested

---

[1] Unless otherwise defined herein, all capitalized terms used but not defined herein shall have the same meanings as in Karo's Motion.

discovery is outside the foreign tribunal's jurisdictional reach. It is not. Every document KKR could possess about the 2022 transaction is also held by Karo or EQT—two Swedish entities subject to the Swedish Court's power to compel production, and FourWorld's attempts to reframe the inquiry around KKR's non-party status or the physical location of documents misread both the statute and the case law. The first factor weighs against FourWorld.

The second factor looks at whether the foreign forum is specifically non-receptive to the requested discovery—not just whether it would generally welcome Section 1782 assistance. Here, the Swedish Tribunal already denied several overlapping and even narrower discovery requests, and FourWorld itself concedes that some of what it seeks here would not be granted in Sweden. FourWorld's attempts to diminish the Tribunal's rulings—arguing they are non-binding on the Swedish Court, that the Tribunal reserved flexibility, or that confidentiality concerns distorted the outcome—all fail. The Tribunal denied discovery on substantive grounds (proportionality, trade secrets, peripheral relevance), not procedural ones, and FourWorld never contested or sought to revisit those rulings during the arbitration. The prior denials establish specific non-receptivity. The second factor weighs against FourWorld.

Third, FourWorld's strawman—that Section 1782 does not require foreign discoverability—misses the point. The prior Swedish denials remain relevant to the circumvention analysis even if foreign discoverability is not a formal prerequisite. More damaging, FourWorld's own conduct reveals its intent: it filed this U.S. application while the Swedish proceeding was stayed due to its own failure to post required security, and it still has not sought the same discovery from the Swedish Court even after the stay was lifted. Courts in this district have held that a failure to even attempt foreign discovery signals circumvention. FourWorld's own admission concedes the issue. It acknowledges that what it seeks here would likely be denied in Sweden. That is not

a gap in Swedish procedure it is trying to fill; it is a Swedish limitation it is trying to escape. That is precisely the circumvention the third *Intel* factor is designed to prevent.

The Court should grant Karo and KKR's Motions, vacate the December 16, 2025 Order [D.I. 8], and quash the subpoena to KKR.

## ARGUMENT

As shown below, the first three *Intel* factors weigh against the Application. Karo defers to KKR to address FourWorld's arguments specifically related to the fourth factor on burden.

## I.   *INTEL* FACTOR ONE: DISCOVERY IS OBTAINABLE IN THE SWEDISH PROCEEDING

FourWorld does not dispute that—*at least*—some of the discovery it seeks can be obtained from Swedish parties in the Swedish Proceeding. *See* Opp. at 13–14 (noting that the Swedish Tribunal granted FourWorld's requests in the arbitration that "overlap" with Subpoena requests). Indeed, FourWorld does not dispute that Karo and EQT, both Swedish entities, possess the diligence materials shared with KKR's indirect subsidiary in the course of the 2025 acquisition. Yet it argues that the first *Intel* factor favors its Application because "KKR is not a party to the Swedish Action." Opp. at 9. But that is not the test. "[T]he focus of *Intel*'s first factor is not simply whether the party from whom discovery is sought is a participant in the foreign proceeding." *SPS Corp. I, Fundo de Investimento em Direitos Creditorios Nao Padronizados v. Gen. Motors Co.*, 110 F.4th 586, 592 (3d Cir. 2024). Rather, the factor asks whether the requested *discovery* is "unobtainable in the foreign forum because it is outside the foreign tribunal's jurisdictional reach." *Id.* By its own admission, FourWorld seeks discovery in the U.S. that is obtainable in Sweden.

FourWorld sidesteps the Third Circuit's controlling authority in *SPS Corp.* on this factor and instead relies on *In re O'Keeffe*, 646 F. App'x 263 (3d Cir. 2016) and *In re Liverpool Ltd.*

3

*P'ship*, No. 21-MC-86-CFC, 2021 WL 3793901, at *1 (D. Del. Aug. 26, 2021).  But both cases predate *SPS Corp.*  Since *SPS*, this District has applied the first *Intel* factor consistent with Karo's argument here.  *See, e.g.*, *In re Zetwerk India Mfg. Bus. Priv. Ltd.*, No. 25-567-JLH-SRF, 2026 WL 608329, at *2 (D. Del. Mar. 4, 2026) (denying Section 1782 discovery because "Petitioner can likely obtain the discovery it needs for the foreign proceeding from . . . a party to that proceeding"); *In re Zetwerk India Mfg. Bus. Priv. Ltd.*, No. 25-567-JLH-SRF, 2025 WL 2338190, at *4 (D. Del. Aug. 13, 2025) (finding that the first *Intel* factor weighs against granting discovery "[t]o the extent that [petitioner] can obtain the same information" in the foreign proceeding "without invoking Section 1782").

FourWorld next argues that "[t]he location of the documents is irrelevant to a Section 1782 analysis, as long as the respondent is located within the jurisdiction."  Opp. at 9.  But that argument confuses Karo's argument that the discovery is *obtainable* in the foreign jurisdiction with the *physical location* of discovery.  In other words, FourWorld conflates the analysis required under the first *Intel* factor with the statutory Section 1782 factor requiring the respondent to "reside" or be "found" within the district.  28 U.S.C. § 1782(a).  Four World's cases only confirm its confusion.  *See* Opp. at 9 (citing *In re Request from Vienna*, No. 23-MC-258-CFC, 2023 WL 6278815, at *3 (D. Del. Sept. 26, 2023) (quoting language that is discussing the Section 1782 statutory requirement, not *Intel*'s first factor)).

Its remaining support applies the wrong standard, *see In re Polygon Glob. Partners LLP*, No. 21 Misc. 364 (ER), 2021 WL 2117397, at *8 (S.D.N.Y. May 25, 2021) (refusing to "go beyond a straightforward assessment of whether KKR is actually or functionally a party to the [foreign proceedings]"), or is inapposite, *see In re Alpine Partners (BVI) L.P.*, No. 24-337 (KSH) (JSA), 2024 WL 4336824, at *5 (D.N.J. Sept. 27, 2024) (non-party respondent "alone" possessed the

4

relevant testimony sought in the Section 1782 action).  Although FourWorld tries to quibble with Karo's authority, it cannot deny that the authority reaches beyond the narrow question of whether the respondent is a party to the foreign proceeding.  *See In re Vestolit GmbH*, No. 24-cv-1401-CFC, 2025 WL 3268436, at *4 (D. Del. Nov. 24, 2025) ("The first factor concerns not simply whether the *party* from whom discovery is sought is a participant in the foreign proceeding, but whether the *discovery is obtainable* in the foreign proceeding absent § 1782 aid.").

As explained at length in Karo's Motion, the discovery is obtainable from Swedish parties (Karo, Karo Healthcare, and EQT).  *See* Mot. at 15–16.  There is no document that KKR could possess about the 2022 transaction that Karo or EQT do not also possess.  *See id.*  FourWorld ignores this fact, diverting the Court's attention to select portions of the requests instead.  *See, e.g.*, Opp. at 11 (stating that Request No. 4 seeks "KKR's due diligence of Karo Healthcare" and omitting that it seeks "all documents received by KKR *from* Karo, EQT, or any data room") (emphasis added); *see also* D.I. 40, Supplemental Declaration of Christopher Stridh ("Stridh Supp. Decl.") ¶ 34 (conceding that the materials are "at least to some extent" not "held only by KKR").  All the relevant discovery can be obtained in Sweden.[2]  Accordingly, the first factor weighs against FourWorld's Application.

---

[2] Under Chapter 35, Section 7 of the Swedish Code of Judicial Procedure, the Swedish Court shall reject proof of a circumstance if it is without importance in the case or the evidence offered is of no effect.  *See* Supplemental Declaration of Rasmus Lüning ("Supp. Lüning Decl.") ¶ 35.  The Supplemental Declaration of Rasmus Lüning is being filed contemporaneously herewith.  Under Swedish law, the redemption price must be determined by reference to the circumstances around the time of the arbitration request, here September 26, 2022.  *Id.* ¶ 27.  Therefore, many of the materials FourWorld seeks in its Application are not only obtainable from Swedish parties, but also temporally irrelevant since they occur after the valuation date.

## II.   *INTEL* FACTOR TWO: THE RECORD SHOWS A SPECIFIC LACK OF RECEPTIVITY TO THIS DISCOVERY

FourWorld misconstrues the second *Intel* factor by focusing on whether the Swedish court will generally be receptive to Section 1782 assistance. But "District courts may consider receptivity generally or specifically." *SPS Corp.*, 110 F.4th at 593. When the foreign proceeding has rebuffed substantially the same discovery, that rebuff establishes the foreign tribunal's specific non-receptivity to the requested judicial assistance. *Id.* at 593–94. For example, in *In re Vestolit*, the court held that a foreign court's rejection of overlapping requests as a "fishing expedition" showed "at the least . . . *some* lack of receptivity" from the foreign court. 2025 WL 3268436, at *5. A party opposing Section 1782 need not "prove a negative"—that the foreign legal system would never receive the discovery. *SPS Corp.*, 110 F.4th at 594.

FourWorld's legal authority reveals its misapprehension of the relevant standard for receptivity. Two of FourWorld's receptivity cases do not involve a foreign forum's prior discovery decisions. *See In re Gilead Pharmasset LLC*, No. 14–mc–243 (GMS), 2015 WL 1903957, at *3–4 (D. Del. Apr. 14, 2015); *In re Republic of Kazakhstan*, 110 F. Supp. 3d 512, 518 (S.D.N.Y. 2015). The third case also lacked a clear record of whether the foreign court had denied the petitioner's document requests. *In re Chevron Corp.*, 633 F.3d 153, 162–63 (3d Cir. 2011); *see also SPS Corp.*, 110 F.4th at 593 (interpreting *Chevron*'s receptivity analysis to have turned on the fact that "the record was unclear whether the Ecuadorian court had denied the applicant's requests for documents").

Here, the Swedish Tribunal has already denied substantially similar and narrower discovery. Mot. at 17. Indeed, the Tribunal denied several categories of FourWorld's requests, including categories that FourWorld again seeks in the Subpoena. *Id.* at 9–11, 15–18. FourWorld agrees that "[t]here is no credible dispute that there are documents Petitioner requests here that

would potentially not be granted if requested in Sweden." Opp. at 11 n.4.  Thus, the second factor weighs against FourWorld.

FourWorld attacks the Swedish Tribunal's discovery rulings on several grounds.  It first argues that the Tribunal's decision does not bind the Swedish Court.  Although not strictly binding, the Tribunal applied the same legal standards as the Swedish Court, was chaired by a sitting Justice of the Swedish Supreme Court, and its decision will directly shape the Swedish Court's review. Supp. Lüning Decl. ¶¶ 6–8, 10–14; D.I. 26, Declaration of Rasmus Lüning ("Lüning Decl.") ¶ 28, 35.  As Lüning explains, the Swedish Court will focus on the proceedings before the Swedish Tribunal.  Supp. Lüning Decl. ¶¶ 6–9.  Thus, the Swedish Court does not ignore the arbitration proceeding.

FourWorld next argues that the Swedish Tribunal "itself was not bound by its ruling, as the panel reserved the right to make a 'different assessment at a later stage' of the proceedings."  Opp. at 13 (quoting Lüning Decl., Ex. 3 at 16).  But the Swedish Tribunal never made a different assessment.  FourWorld did not contest the Tribunal's decision on discovery, and the Tribunal went on to make its final decision based on the full record presented.  Supp. Lüning Decl. ¶ 12. The "changed" circumstances that FourWorld invokes, Opp. at 14—that the discovery from the arbitration and the award itself revealed the importance of LTP and management compensation materials—are circumstances that FourWorld had the opportunity to develop during the arbitration.  Supp. Lüning Decl. ¶¶ 21–24.  As a party to the arbitration, FourWorld had the ability to seek discovery or contest the Tribunal's discovery rulings.  It did not do so.

FourWorld's "changed" circumstances argument also fails on substance. Opp. at 14.  First, the Swedish Tribunal's findings about the board and management's conflicts of interest were not newly discovered facts, but instead publicly disclosed.  Supp. Lüning Decl. ¶ 22.  Next, FourWorld

7

raised these conflicts before the Swedish Tribunal but it did not change the ultimate result. It also raised Karo Healthcare's Long Term Plan ("LTP") to the Tribunal, but it did not change the result either. *Id.* ¶ 23. The award therefore did not shed new light. Lastly, the Tribunal's statement that the theoretical valuations were an "uncertain basis for determining the redemption amount" did not mean that the record was incomplete. The Tribunal's statement reflected only that such theoretical valuations are weaker evidence than actual market transactions. *Id.* ¶ 24.

FourWorld also contends that because certain confidentiality "protections were not available" in the arbitration—as they are in the Swedish Court—some discovery "had to be channeled through a trustee and was not made available to Petitioner." Opp. at 15. This is a mischaracterization of Swedish law and procedures. First, the Swedish Tribunal was not without authority to bind parties to confidentiality. In fact, FourWorld entered into a non-disclosure agreement to receive discovery in the arbitration. Supp. Lüning Decl. ¶ 19. Second, the Tribunal did not deny discovery because of confidentiality concerns. The Swedish Tribunal denied the specific categories at issue because they were too peripheral to the proceedings, because they contained trade secrets that outweighed FourWorld's interest in obtaining them, or because disclosure in discovery was not proportionate to the needs of the case. *Id.* ¶¶ 15–17. The issue in the arbitration was about confidentiality between the parties, not an issue about public access. *Id.* ¶ 18. And, in any event, the trustee acting on behalf of others like FourWorld had access to this additional "channeled" information and the ability to use it in the arbitration. *Id.* ¶ 14.

Finally, FourWorld argues that the Swedish Tribunal's decision is a "mixed bag" and not "authoritative proof" of lack of receptivity because the Tribunal granted some of its discovery requests. Opp. at 13–14. Karo does not "ignore[] those requests." *Id.* at 13; *see* Mot. at 9–11. FourWorld cannot re-seek discovery it already obtained in the Swedish Proceeding. But because

8

RLF1 35988178v.1

the Tribunal denied some of FourWorld's overlapping discovery requests, there is "at the least . . . *some* lack of receptivity from the [foreign] Court . . . [and] specific directions to the contrary from a foreign forum." *In re Vestolit GmbH*, 2025 WL 3268436, at *5 (finding that the second factor supports respondent despite acknowledging that the foreign court "may be receptive in the future to some of the evidence within the § 1782 application").[3]  This factor therefore does not support FourWorld's Application.

## III.    *INTEL* FACTOR THREE: FOURWORLD SEEKS TO CIRCUMVENT SWEDISH PROOF-GATHERING RESTRICTIONS

FourWorld's circumvention argument is a strawman: Section 1782 does not require foreign discoverability.  Opp. at 17–18.  Karo agrees.  But it does not make foreign discovery rulings irrelevant to the Court's analysis of the third *Intel* factor.  Allowing Section 1782 discovery after a foreign court denied substantially the same discovery would "undermine finality, encourage parties to attempt to circumvent adverse foreign rulings, and generate inefficiency." *SPS Corp.*, 110 F.4th at 594; *see also In re Gilead Pharmasset LLC*, 2015 WL 1903957, at *5 (finding that the third *Intel* factor "weighs against granting the application," where petitioner "made no attempts to obtain any discovery from [respondent] in the foreign tribunals").

FourWorld insists that it did not circumvent foreign proof-gathering restrictions because "the Swedish Court has not yet considered, let alone rejected discovery requests from [FourWorld]."  Opp. at 16–17.  But this fact undermines rather than supports FourWorld's

---

[3] FourWorld argues that Karo has not identified "any articulated basis to deny Section 1782 discovery . . . as it relates to document requests 1, 4, 5, and 7 and all four deposition topics," and thus should not "be permitted to raise any new arguments . . . for the first time on reply."  Opp. at 16.  But as Karo explained in its Motion, Request No. 1 and all deposition topics seek information duplicative of other Requests.  Mot. at 8 n.5.  Karo addressed the non-duplicative Requests so as to "not repeat its arguments for the cumulative deposition topics or Request No.1." *Id.*  Thus, Karo (and KKR through its adoption of Karo's Motion) did not waive any arguments as to any of the Requests or deposition topics. *See, e.g.*, *id.* at 16 (raising objections to Request Nos. 4, 5, and 7).

9

argument under this factor. *See In re Nokia Techs. Oy*, No. 23-01395-GBW, 2024 WL 1675025, at \*4 (D. Del. Apr. 18, 2024) ("On balance, the Court finds [petitioner's] failure to attempt discovery in Germany indicates an attempt to circumvent the German courts' discovery rules," even though "not a 'surreptitious' effort to do so."); *In re Actian Corp.*, No. 25-246-GBW, 2025 WL 2338068, at \*3 (D. Del. Aug. 13, 2025) (same). FourWorld rushed to initiate a Section 1782 proceeding in the U.S. while the Swedish Proceeding was stayed for FourWorld's failure to post the required security. Rather than curing that deficiency, FourWorld filed this Application in December 2025 to obtain in the U.S. the discovery it had not yet sought, and could not yet seek, in Sweden. Even after the stay was lifted and the Swedish Proceeding resumed, FourWorld still has not sought the same discovery from the Swedish Court.

FourWorld's motivation is clear: it wants a redo. Because the Swedish Tribunal narrowed the scope of allowed discovery and ultimately found the redemption price to have been reasonable, Mot. at 3, 7, FourWorld now wants broader discovery in the U.S., in hopes of a different result in Sweden. It admits as much. Opp. at 11 n.4 ("There is no credible dispute that there are documents Petitioner requests here that would potentially not be granted if requested in Sweden."). That concession is dispositive. FourWorld is not seeking U.S. discovery to supplement what Swedish procedures cannot reach. It is seeking U.S. discovery because Swedish procedures would limit or deny it. That is the classic circumvention that *Intel*'s third factor prevents.

## CONCLUSION

For these reasons, the *Intel* factors require the Court to grant Karo's motion and vacate the order granting the Application. In the alternative, the Court should substantially narrow the subpoena to non-duplicative, temporally relevant materials tied to the Swedish valuation proceeding.

10

OF COUNSEL:

Jaime A. Bianchi (*pro hac vice*)
Ryan A. Ulloa (*pro hac vice*)
Shravya Govindgari (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
(305) 995-5243
jbianchi@whitecase.com
ryan.ulloa@whitecase.com
shravya.govindgari@whitecase.com

Dated: May 22, 2026

/s/ Jason J. Rawnsley
Jason J. Rawnsley (#5379)
Andrew L. Rosen (#7651)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
rawnsley@rlf.com
rosen@rlf.com

*Attorneys for Movant Karo Intressenter AB*

11